DOWD, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Joe Hand Promotions, Inc., ) | |
| ) | CASE NO. 5:08 CV 2786 |
| Plaintiff, ) | |
| ) | |
| v. ) | MEMORANDUM OPINION AND |
| ) | ORDER |
| James G. Willis, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

## **I. INTRODUCTION**

This action was brought for violation of 47 U.S.C. § 605(a) (unauthorized publication or use of communications) and 47 U.S.C. § 533 (unauthorized reception of cable service), alleging that defendants unlawfully intercepted a signal for a boxing event without purchasing or otherwise obtaining the right to do so from plaintiff. The Court referred this case to United States Magistrate Judge George J. Limbert for general pre-trial supervision (ECF 8). Subsequently, plaintiff moved for an entry of default and default judgment against all defendants (ECF 9).[1] The Clerk has entered default (ECF 11).

The Court's Order referring this case to Magistrate Judge Limbert is hereby rescinded. For the reasons discussed below, plaintiff's motion for default judgment is granted and judgment will be entered in the amount of $2,217.75.

---

[1] On February 6, 2009, the Court received a "courtesy copy" of ECF 9, which also included a "Video Evidence Disc." However, the Court did not view the disc and it played no part in the Court's opinion and judgment.

(08 CV 2786)

## II. LAW AND ANALYSIS

### A.  Federal Rule of Civil Procedure 55(b)

Rule 55(b) of the Federal Rules of Civil Procedure governs default judgment.  Once a default is entered, the defendants are considered to have admitted all of the well pleaded allegations in the complaint, including jurisdiction.  *Ford Motor Company v. Cross,* 441 F. Supp. 2d 837, 845 (E.D. Mich. 2006) (citing *Visioneering Construction v. U.S. Fidelity and Guaranty,* 661 F.2d 119, 124 (6th Cir. 1981)).

While the well-pleaded factual allegations in the complaint are taken as true when a defendant is in default, damages are not.  *Ford Motor Company,* 441 F. Supp. 2d at 848 (citing *Thomson v. Wooster,* 114 U.S. 104 (1885); *Antoine v. Atlas Turner, Inc.,* 66 F.3d 105, 110-11 (6th Cir. 1995)).  In order for the Court to enter judgment, the Court must determine the amount of damages.  Under Rule 55, the Court may conduct hearings or make a referral if it needs to conduct an accounting, determine the amount of damages, or establish the truth of any allegation by evidence.  However, Rule 55 does not require an evidentiary hearing as a prerequisite to the entry of default judgment if damages are contained in documentary evidence or detailed affidavits and can be ascertained by computation on the record before the Court.

In support if its motion for default judgment, plaintiff has provided: 1) an affidavit of plaintiff (ECF 9-2); 2) an affidavit of attorney fees and costs (ECF 9-3); and a 3) statement for judgment (ECF 9-6).  In this case, the Court finds that there is sufficient evidence before the Court to mathematically ascertain plaintiff's damages and that an evidentiary hearing is not necessary.

(08 CV 2786)

## B.     Election of Damages

When defendants are liable under both sections 47 U.S.C. § 605(a) and 47 U.S.C. § 533, plaintiff concedes that it may recover under only one section.  *See* ECF 9-4, p. 7 of 13.  Plaintiff has elected to recover under § 605(a).  *Id.*

A claimant who has established liability under § 605(a) may elect to recover actual or statutory damages.  *See* 47 U.S.C. § 605(e)(3)(C)(i); *National Satellite Sports, Inc., v. Mosley Entertainment, Inc.,* 2002 WL 1303039 at * 3 (E.D. Mich.) (citing *Cable/Home Communication Corp. v. Network Prod., Inc.,* 902 F.2d 829, 850 (11th Cir. 1990)).  Plaintiff has elected statutory damages.  *See* ECF 9-4, p. 7 of 13.  The provision for statutory damages under 47 U.S.C. § 605(e)(3)(C)(i)(II) allows for an award of between $1,000 and $10,000 for each violation in the Court's discretion.

Plaintiff also seeks damages under 47 U.S.C. § 605(e)(3)(C)(ii), which allows the Court to increase its award up to $100,000 for willful violations of § 605(a).  Lastly, plaintiff seeks recovery of costs and attorney fees pursuant to 47 U.S.C. § 605(e)(3)(B)(iii).

## C.     **47 U.S.C. § 605(e)(3)(C)(i)(II)**

47 U.S.C. § 605(e)(3)(C)(i)(II) provides for the recovery of statutory damages between $1,000 and $10,000 "as the court considers just."  Plaintiff's affidavit submitted in support of its motion for default judgment indicates that the maximum capacity of defendants' establishment is fifty-five.  ECF 9-2, p. 3, par. 10.  The "Rate Card" for licensing the broadcast to commercial establishments is also attached to plaintiff's affidavit, and reflects that the cost of licensing for 50-100 viewers was $875.  *See* ECF 9-2, p. 2, par. 3.

(08 CV 2786)

"As guided by *National Satellite Sports, Inc. v. Eliadis,* this amount is determinative of the amount of the statutory damage award." *National Satellite Sports, Inc. v. Carrabia, et al.,* 2003 WL 24843407 at *3 (N.D. Ohio) (citing *National Satellite Sports, Inc. v. Eliadis*,253 F.3d 900, 917-918 (6th Cir. 2001)).  However, the amount that plaintiff would have received had defendants obtained a license is less than the $1,000 minimum for statutory damages.

Accordingly, the Court awards plaintiffs $1,000 in statutory damages pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II).

**D.    47 U.S.C. § 605(e)(3)(C)(ii)**

When the Court finds that the violation of § 605(a) was "committed willfully and for the purposes of direct or indirect commercial advantage or private financial gain, the court in its discretion may increase the award of damages by an amount of not more than $100,000 for each violation of [§ 605(a)]."  *See* 47 U.S.C. § 605(e)(3)(C)(ii).  In order to obtain damages under this section, the violation must be willful <u>and</u> for the purpose of commercial advantage or financial gain.

While plaintiff alleges and argues that defendants' violation of § 605(a) was willful and for commercial/financial gain, the documentary evidence provided by plaintiff and before the Court belies that conclusion.  First, the affidavit of plaintiff's "signal auditors" states that nineteen people were present in defendants' premises the night the signal was intercepted in violation of  § 605(a) and that the capacity of the premises was fifty-five.  *See* ECF 9-2, pp. 19-20; *see also* ECF 9-3, p. 3, par. 10.  This is slightly more than one-third of the capacity of the premises.  Second, the affidavit of the "signal auditor" reflects that there was no door person at

4

(08 CV 2786)

defendants' premises and no cover charge was charged to enter.  *See* ECF 9-2, pp. 19-20.  There is no dispute that few customers were present, and that there was no cover charge to enter defendants' establishment to watch the broadcast of plaintiff's intercepted signal.

The Court concludes that there is little evidence to support a conclusion that the violation was willful <u>and</u> for financial gain or commercial advantage.  *See National Satellite Sports, Inc. v. Carrabia, et al.,* 2003 WL 24843407 at \*4 (citing *Kingvision Pay-Per-View, Ltd. v. Arias,* 2000 WL 20973 (N.D. Cal. Jan 7, 2000); *Don King Productions/Kingvisoin v. Carrera,* 1997 WL 362115 at \*2 (N.D. Cal. June 24, 1997) (evidence of willful exhibition for financial gain insufficient when there was no showing that a cover was charged, that the program was advertised or that food or drink prices were increased, and that establishments were not filled to capacity.)).

 Based on the documentary evidence and affidavits provided by plaintiff in support of its motion for default judgment, the Court declines to exercise its discretion to increase plaintiff's award of damages pursuant to 47 U.S.C. § 605(e)(3)(C)(ii).

**E.      47 U.S.C. § 605(e)(3)(B)(iii)**

47 U.S.C. § 605(e)(3)(B)(iii) provides that "the court shall direct the recovery of full costs, including awarding reasonable attorneys' fees to an aggrieved party who prevails."  In this case, plaintiff's attorney has provided an affidavit detailing the costs and attorney fees in this case, totaling $1,217.75.  *See* ECF 9-3.  The Court has reviewed the affidavit and the costs and fees detailed therein, and finds them to be reasonable.

(08 CV 2786)

Accordingly, the Court awards plaintiffs $1,217.75 in costs and attorney fees in statutory damages pursuant to 47 U.S.C. § 605(e)(3)(B)(iii).

### III. CONCLUSION

For the reasons discussed herein, plaintiff's motion for default judgment is granted, and judgment will be awarded in the amount of $2,217.75.

IT IS SO ORDERED.

| | |
|---|---|
| February 11, 2009 | *s/ David D. Dowd, Jr.* |
| Date | David D. Dowd, Jr. |
| | U.S. District Judge |